UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM V. DANIEL and PATRICIA A. DANIEL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:06-CV-446 (VARLAN/GUYTON) |
| ANDERSON COUNTY EMERGENCY AND RESCUE SQUAD d/b/a ANDERSON COUNTY RESCUE SQUAD, CLAXTON VOLUNTEER FIRE DEPARTMENT, ANDERSON COUNTY, TENNESSEE, AND JOHN DOES 1-5, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on the plaintiffs' Motion to Remand [Doc. 4], filed December 12, 2006, and on defendant Claxton Volunteer Fire Department's ("Claxton") Motion to Amend Notice of Removal [Doc. 6, Attachment 1], filed December 13, 2006. The plaintiffs, pursuant to 28 U.S.C. § 1447(c), move to remand this case to the Anderson County Circuit Court. In support of their motion, the plaintiffs argue that the removal was procedurally defective because not all defendants timely joined or consented to removal. Claxton opposes the plaintiffs' motion and seeks to amend its Notice of Removal [Doc. 1] to indicate the oral consent to removal by defendant Anderson County Emergency and Rescue Squad ("ACERS") and to clarify that counsel for defendant Anderson County ("Anderson") had not entered an appearance at the time of removal. After reviewing the

record, the Court finds that the motion to remand [Doc. 4] is well taken and will be **GRANTED**. The Court further finds that Claxton's motion to amend [Doc. 6, Attachment 1] would be futile and will be **DENIED**.

I.  **Procedural History**

On October 6, 2006, the plaintiffs filed their complaint in the Anderson County Circuit Court. The defendants were served with process on the following dates: Claxton on October 17, 2006; ACERS on October 20, 2006; and Anderson on October 23, 2006. The instant action was removed to this Court on November 16, 2006, pursuant to 28 U.S.C. § 1441 and 1446. The only signature on the Notice of Removal [Doc. 1] is that of Russell W. Adkins, counsel for Claxton and the Notice in no way indicates that the other defendants consented to the removal. On December 8, 2006, the plaintiffs filed the instant motion to remand. On December 12, 2006, Anderson filed a Notice [Doc. 5] indicating that it had no objection to the removal. On December 15, 2006, ACERS filed a Notice [Doc. 10] indicating that it too had no objection to removal, and that it had orally consented to the removal prior to the filing of the Notice of Removal.

II. **Motion to Remand**

The plaintiffs have, pursuant to 28 U.S.C. § 1447(c), filed a motion to remand this case to the Anderson County Circuit Court. The plaintiffs contend that Claxton's Notice of Removal is fatally flawed because it was not timely joined or consented to by ACERS and Anderson. Claxton opposes the plaintiffs' motion, arguing that ACERS orally consented to removal; that counsel for Anderson had not entered an appearance at the time of removal and

thus could not be consulted; and that both Anderson and ACERS have now filed notices of consent to removal.

This Court is mindful that the statutes conferring removal jurisdiction are to be strictly construed because removal jurisdiction encroaches on a state court's jurisdiction. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Because of this strict construction, all doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removing party bears the burden of proving that removal is proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921); *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

28 U.S.C. § 1446 states in pertinent part that "[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice or removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." The rule of unanimity demands that all defendants join in the petition to remove. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served must either join in the removal, or file a written consent to the removal."). Furthermore, the Sixth Circuit has held that:

> all defendants in the action must **join in the removal petition** or **file their consent to removal in writing within thirty days** of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2)

> other paper in the case from which it can be ascertained that a previously unremovable case has become removable.

*Loftis v. United Parcel Service*, 342 F.3d 509, 516 (6th Cir. 2003) (emphasis added). Failure to timely obtain unanimous consent forecloses removal under Section 1446. *Id.*

In the instant action, neither Anderson nor ACERS joined in the removal petition, as it was not signed by either party as required by 28 U.S.C. § 1446(a) and Fed. Rule Civ. P. 11, nor did the petition indicate in any way that Anderson or ACERS consented to the removal. Both Anderson and ACERS filed subsequent written consents to removal [Docs. 5 and 10], but the consents were not timely. Anderson filed its notice on December 12, 2006, fifty-six days after Claxton was served and fifty-three days after Anderson was served. Similarly, ACERS filed its notice on December 15, 2006, fifty-nine days after Claxton was served and fifty-three days after ACERS was served. Therefore, both notices are outside the *Loftis* thirty day window for consent, rendering them ineffective. ACERS did provide oral consent prior to the removal, but oral consent is insufficient in light of *Loftis*' specific reference to written consent.

Therefore, the Court finds that the notice of removal [Doc. 1] filed on November 16, 2006, is procedurally defective because the defendants have not satisfied the rule of unanimity. Accordingly, the plaintiffs' motion to remand [Doc. 4] will be **GRANTED** pursuant to 28 U.S.C. § 1447(c).

### III. Motion to Amend Notice of Removal

Claxton has filed a motion to amend the notice of removal to include a statement explaining that ACERS provided prior oral consent for the removal and that counsel for Anderson had not yet made an appearance in the case at the time of removal and, thus, could not be contacted. Claxton argues that case law supports its contention that the procedural defect in its removal petition can be cured by an amendment, citing to *Klein v. Manor Healthcare Corp.*, No. 92-4328, 1994 U.S. App. LEXIS 6086 (6th Cir. Mar. 22, 1994) and *Jordan v. Murphy*, 111 F. Supp. 2d 1151 (N.D. Ohio 2000).

The Court notes that *Loftis* was decided in 2003, approximately nine years after *Klein* and three years after *Jordan*. The Court also notes that other District courts within Tennessee have followed *Loftis* and its requirement of written notice. *See Smith v. Williams*, No. 05-2667 Ma An, 2006 U.S. Dist. LEXIS 10194 (W.D. Tenn. Feb. 23, 2006); *Davis v. Hamilton County*, No. 1:04-cv-040, 2004 U.S. Dist. LEXIS 25547 (E.D. Tenn. May 13, 2004). Given the apparent conflict between the more recent and published *Loftis* and the older, unpublished *Klein*, the Court must give greater weight to *Loftis*. *Loftis* clearly requires all defendants to either join in the removal petition or to provide timely written consent to the removal. *Loftis*, 342 F.3d at 516. Anderson and ACERS did not join in the removal petition within the allowed time, nor did they provide timely written consent, and Claxton cannot roll back the clock by attempting to amend its petition after the fact.

Furthermore, the instant case is factually distinguishable from *Klein*. In *Klein*, a defendant had not consented to removal because he had not been served at the time of

removal. *See Klein*, 1994 U.S. App. LEXIS 6086 at *9. The missing *Klein* defendant could not consent to an action in a lawsuit he was not yet a party to. In the instant case, Anderson had been served at the time of removal, and thus, even if ACERS's oral consent were sufficient (which, according to *Loftis*, it was not), there was no excuse for Anderson's failure to provide timely consent. Accordingly, Claxton's motion to amend [Doc. 6, Attachment 1] will be **DENIED**.

### III. Request for Attorneys' Fees

The plaintiff also seeks attorneys' fees connected with the motion to remand pursuant to 28 U.S.C. § 1447(c). That subsection provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In the Sixth Circuit, such an award is discretionary with the Court. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). The Court declines to exercise its discretion to award costs and fees under the circumstances of the removal in this case. Given the apparent conflict between *Klein* and *Loftis*, the Court does not feel that an award of fees is justified.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE